Angela CLAYTON, Appellee,

v.

PIZZA HUT, INC., Appellant,

and

Executive Coffee and Wholesale Company, Inc.

Supreme Court of Tennessee, at Knoxville.

July 16, 1984.

H. Wayne Graves, Thomas C. McKee, Herndon, Coleman, Brading & McKee, Johnson City, for appellant.

Edgar E. Fleming, Johnson City, for appellee.

## OPINION

COOPER, Chief Justice.

In this interlocutory appeal, the issue is whether an employee injured during the course and scope of her employment may bring an action in tort against her employer when the injury causes disfigurement, but does not result in permanent disablement or death of the employee.

Angela Clayton, a waitress at Pizza Hut Restaurant in Johnson City, was severely burned on the abdomen, when a coffee pot she was carrying in the course and scope of her employment came apart. She filed an action against her employer, Pizza Hut, and against the distributor of the coffee dispensing equipment, alleging that the defendants, separately and collectively, were guilty of negligence which proximately caused Ms. Clayton's injuries.

Pizza Hut answered, admitting that Ms. Clayton was injured in the course and scope of her employment, and pleading affirmatively that Ms. Clayton's sole remedy against it was under the Worker's Compensation Act, which provides in T.C.A. § 50–6–108 that:

> The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

Pizza Hut then filed a motion to dismiss or in the alternative for a summary judgment, which was overruled. The basis given for the trial court's ruling was that the 1977 amendment to T.C.A. § 50–902(d), now T.C.A. § 50–6–102(a)(4), limits the exclusive remedy provision of the Worker's Compensation Act to injuries "causing either disablement or death even if occurring in the course and scope of employment."

There was no intent in the passage of the 1977 amendment to limit the coverage of the Worker's Compensation Act, or its exclusivity. To the contrary the stated purpose of the amendment, as set forth in the caption of the bill, was to provide full coverage of occupational diseases. *See* Chapter 339 of the 1977 Tennessee Public Acts.

T.C.A. § 50–6–102(a)(4), as now amended, provides that:

> "Injury" and "personal injury" shall mean an injury by accident arising out of and in the course of employment which causes either disablement or death of the employee and shall include occupational diseases arising out of and in the course of employment which cause either disablement or death of an employee.

Ms. Clayton argues that since her injuries resulted in a permanent disfigurement which is not disabling in that it does not materially affect her employability, and is not compensable (*see* T.C.A. § 50–6–207[3][E]), her common law action for damages is not barred by the exclusivity provision set forth in T.C.A. § 50–6–108. We see no merit in this argument. While Ms. Clayton is not entitled to recover permanent disability benefits as the result of her disfigurement, nevertheless her injury was the result of an accident arising out of and in the course of her employment, which brings the Worker's Compensation Act into play. Under the Act Ms. Clayton would be entitled to temporary total disability benefits, if her injury incapacitated her for any length of time, and also to necessary medical expenses for treatment of her injuries, whether she was incapacitated or not. *See Redmond v. McMinn County*, 209 Tenn. 463, 354 S.W.2d 435 (Tenn.1962); T.C.A.

§§ 50–6–207 and 50–6–204(b). Under Worker's Compensation Acts similar to the Tennessee Act, it has been held that where permanent disfigurement is not compensable, but the worker is compensated, or is entitled to compensation, for temporary disability or to medical expenses, the exclusive remedy provision of the Worker's Compensation Act extends to the entire injury and all its damages. *Frank v. Anderson Bros.*, 236 Minn. 81, 51 N.W.2d 805 (1952); *Breimhorst v. Beckman*, 227 Minn. 409, 35 N.W.2d 719 (1949); *Nowell v. Stone Mountain Scenic RR*, 150 Ga.App. 325, 325, 257 S.E.2d 344 (1979). *See also Morgan v. Ray L. Smith & Son, Inc.*, 79 F.Supp. 971 (D.Kan.1948); *Hartwell v. Allied Chem. Corp.*, 320 F.Supp. 75 (W.D.Pa. 1970).

The order of the trial court denying Pizza Hut's motion for summary judgment is reversed and Pizza Hut is dismissed from this action. Costs will be paid by Angela Clayton.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.