Anthony BERRY, Appellant,

v.

GREGG INDUSTRIAL SERVICES, INC., Rusty Coleman, and Andreas Gonzalez, Appellees.

No. 12–94–00001–CV.

Court of Appeals of Texas, Tyler.

Dec. 30, 1994.

Rehearing Overruled Jan. 31, 1995.

John Walker, Center, for appellant.

Bruce A. Smith, Longview, for appellees.

BILL BASS, Justice.

This is a summary judgment case. We will affirm the judgment.

On September 30, 1991, Anthony Berry was a passenger in a pick-up driven by Andreas Gonzalez and owned by Appellee, Gregg Industrial Services, Inc., when it was struck from the rear by a truck driven by Rusty Coleman and also owned by Gregg Industrial. The Appellant Berry, Gonzalez, and Coleman were all employed by Gregg Industrial. They had been sent by Gregg Industrial to work at the Sabine Mine. They were returning from their lunch break at the Sabine Mine employee's lunch room and were just approaching the turn into the Gregg Industrial equipment yard at the Sabine Mine work site when the collision occurred. The road leading into the work site had been watered down just before the collision. Berry sustained an injury in the collision. Berry filed a claim for benefits under Gregg Industrial's workers' compensation plan. Gregg Industrial's carrier began paying Berry weekly compensation payments, as well as medical expenses.

More than a year and a half later, while still receiving benefits, but after the carrier had paid $41,000 on his claim, Berry brought this action against his employer and fellow workers, alleging his injuries were caused by the negligent conduct of Gonzalez and Coleman. Berry subsequently amended his petition to allege alternatively that Coleman had intentionally driven his truck into the rear of the truck in which he and Garcias were returning to work.

Gregg Industrial, Gonzalez, and Coleman moved for summary judgment contending that Appellant was in the course and scope of his employment when he was injured, and that therefore workers' compensation benefits were Berry's exclusive remedy. Appellees contended further that Berry's acceptance of workers' compensation benefits precluded his common law negligence action and constituted a waiver of his cause of action for the alleged intentional tort. The trial court granted Appellees' motion for summary judgment.

In his first point of error, Berry maintains that he was not within the course and scope of his employment at the time of the accident, and that therefore, the trial court reversibly erred in granting summary judgment. He argues that he was "off the clock" on a lunch break when he was injured, and that this fact alone creates a fact issue precluding summary judgment. We do not agree. The overwhelming weight of Texas authority holds that an injury received during the lunch period is compensable as a matter of law. *Yeldell v. Holiday Hills Retirement & Nursing,* 701 S.W.2d 243, 245 (Tex.1985); *Texas Employer's Insurance Assoc. v. Prasek,* 569 S.W.2d 545 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.); *Travelers Ins. Co. v. McAllister,* 345 S.W.2d 355 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.).

In the case cited by Appellant, the employee was assaulted and abducted from a restaurant parking lot, away from her work place during her lunch break. The Beaumont Court of Appeals ruled that, as a matter of law, she was not in the course and scope of her employment. *Mapp v. Maryland Casualty Corp.,* 725 S.W.2d 516 (Tex.App.—Beaumont 1987), *reversed,* 730 S.W.2d 658. The Supreme Court reversed, holding that even under those facts, a fact question was presented as to whether Mrs. Mapp was in the course and scope of her employment when she was abducted. *Mapp v. Maryland Casualty Corp.,* 730 S.W.2d 658 (Tex.1987).

Our case does not present such a close question. When he was injured, Berry was returning to the work site in his employer's truck from a lunch room provided for employees by the mine where his employer had sent him to work. Whether his injury resulted from the reckless horseplay of his fellow workers or from the watering down of the mine road, there is no doubt that his injury was a result of a work related condition. We conclude that, as a matter of law, Berry was within the course and scope of his employment although still on his lunch break.

Moreover, by claiming and collecting benefits, Berry is precluded from maintaining an action at common law against his employer or fellow employees. *Moore v. Means,* 549

S.W.2d 417 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). Appellant's first point is overruled.

 In his second point, Berry insists that the trial court erred in granting summary judgment "for the reason that [the summary judgment] precludes an action against co-defendants, Gonzalez and Coleman for an intentional tort...."

We have concluded that the trial court correctly held that Berry was an employee of Gregg Industrial when he was injured. Appellant argues that Article 1, section 13 of the TEXAS CONSTITUTION guarantees to him the right to recover against his fellow employees for injuries caused by their intentionally tortious acts. *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981).

In confronting a similar argument, the Texarkana Court of Appeals discussed the employee's right to proceed against his employer and fellow workers in an intentional tort case.

> We are of the opinion that this Constitutional right should be maintained and protected. At the same time we approve of the decisions holding that if the injured employee makes claim for or accepts benefits under the Worker's Compensation Act, such employee cannot thereafter maintain a suit against a co-employee or the employer on the basis of an intentional injury. Citing *Grove Mfg. Co. v. Cardinal Const. Co.*, 534 S.W.2d 153 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Heibel v. Bermann*, [407 S.W.2d 945 (Tex. Civ.App.—Houston 1966, no writ);] *Jones v. Jeffreys*, 244 S.W.2d 924 (Tex.Civ.App.—Dallas 1951, writ ref'd). Such an employee by claiming and collecting under the Act has made an election of remedies and is then estopped from proceeding in an action for damages for an intentional tort.

*Porter v. Downing*, 578 S.W.2d 460 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.).

By collecting and claiming workers' compensation benefits, Berry waived his right to proceed at common law for injuries resulting from the intentional tort alleged. Berry's second point is overruled.

The judgment is **affirmed.**