# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 6, 2004 Session
### Heard at Charlotte[1]

# JOHNNY PHILLIPS v. A&H CONSTRUCTION COMPANY, INC. and EVERGREEN NATIONAL INDEMNITY

**Appeal by permission from the Rutherford County Chancery Court**
**No. 02-4095WC     Robert E. Corlew, Chancellor**

---

**No. M2003-00353-SC-R10-CV - Filed May 12, 2004**

---

We granted permission to appeal in this case to determine whether the Chancellor erred in denying temporary total disability benefits because he concluded that injuries due to an idiopathic loss of consciousness are not compensable under the Workers' Compensation Act. We hold that an injury due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injuries. The accident arises out of employment if there is a causal connection between the conditions under which the work is performed and the resulting injury. This causal link must be between the employment and the injury, rather than between the employment and the idiopathic episode. We affirm the Chancellor's factual finding that Phillips's injuries occurred within the course of his employment. Thus, the judgment of the Chancellor is reversed in part, affirmed in part, and this case is remanded to the chancery court for reinstatement of temporary total disability benefits and further proceedings consistent with this opinion.

**Tenn. R. App. P. 10; Judgment of the Chancellor Affirmed in Part; Reversed in Part; and Remanded to the Chancery Court**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Scott Daniel and Melanie Lepp, Murfreesboro, Tennessee, for the appellant, Johnny Phillips.

Owen R. Lipscomb, Nashville, Tennessee, for the appellees, A&H Construction Company, Inc.

---

[1]This case was heard as part of the April 6, 2004, S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project in Charlotte, Dickson County, Tennessee.

1

and Evergreen National Indemnity.

## OPINION

### Factual and Procedural Background

Johnny Phillips was employed by A&H Construction Company ("A&H") as a laborer. On November 2, 2001, he left his home in Smyrna to travel to a job site in Owensboro, Kentucky. He had been instructed by his supervisor to first pick up two other employees at a motel in Nashville and drive them to Owensboro. About a quarter of a mile from his house, Phillips's truck hit a tractor-trailer. He had lost consciousness, due to unknown causes, at some point prior to the accident. As a result of this accident, Phillips suffered a deep soft tissue contusion of the right chest, a comminuted mid-shaft fracture of his right forearm, and right carpal tunnel syndrome. He was treated by Dr. Tom Johns at Middle Tennessee Medical Center. Dr. Johns performed an open reduction and internal fixation and has recommended that Phillips undergo right carpal tunnel release. Phillips currently has $16,000 in outstanding medical bills. A&H has not paid any medical benefits under the Worker's Compensation Act.

The parties dispute the extent to which transporting other employees was a part of Phillips's job and how he was paid for his travel time. Because this case has not been tried, the proof before us consists of affidavits. Phillips stated in his affidavit that he transported other employees "fairly often." He also stated that he was paid $10 per hour for travel time if a trip took more than an hour and a half, that this trip from his home to Owensboro was a three hour drive, and that A&H would have paid him for the full three hours. He submitted a paystub from A&H showing that he was paid $10 per hour for three hours on a previous trip. He also submitted a reimbursement check and form showing that when he traveled for work he was reimbursed for gas and oil. Ricky Tritten, a former A&H laborer, also submitted an affidavit. Tritten stated that Phillips transported him to job sites "the majority of the time" for a period of about three years and that he had knowledge that Phillips was reimbursed by A&H for gas and oil. A&H submitted the affidavit of June Medley, the company's office manager. She stated that Phillips was driving his own personal truck on the day of the accident and that it was not routine for him to transport other employees in his personal truck. She further stated that Phillips was reimbursed for gas and that he was paid $10 per hour for travel time, but that the travel time would be measured only after he picked up the other employees.

Phillips was paid temporary total disability benefits from November 3 to December 21, 2001 in the amount of $2,239.79. A&H asserts that these payments were made in error. On November 12, 2001, Phillips received a letter from Century Workers' Compensation denying his workers' compensation claim. Phillips filed a complaint in the Rutherford County Chancery Court, which included a motion to reinstate payment of temporary total disability benefits. The chancellor denied the motion without prejudice to rehear after further proof was obtained. Phillips then filed a motion to rehear along with the affidavit of Dr. Johns. The affidavit stated that Phillips' injuries were caused by the auto accident, not by his loss of consciousness, and that Phillips would not have sustained the injuries had he not been driving.

2

The chancellor denied the motion to rehear and presented his findings in a letter to counsel that was incorporated into his order. The chancellor found the injury occurred in the course and scope of Phillips's employment with A&H. Specifically, the chancellor found that Phillips was traveling to an out-of-state job site, that he was compensated for his time during travel and for the operation of his vehicle, and that he was required to provide transportation for another employee. Because Phillips was paid for the time spent driving and paid mileage, the chancellor found that the facts of this case presented an exception to the general rule that a worker is not entitled to compensation until the worker arrives at the place of employment. However, the chancellor found that Phillips had failed to show a causal relationship between his employment and his loss of consciousness. The chancellor opined that "the weight of authority shows that an injury which occurs due to an idiopathic loss of consciousness is not compensable under the Worker's Compensation Act." Therefore, the chancellor denied an award of temporary benefits, but noted that he would hear further proof "once the medical issues and other matters are fully developed."

Phillips filed a Rule 10 application for an extraordinary appeal in this Court. Although it is not our usual course to grant such an application in the workers' compensation arena, in this instance the application was granted because of the unusual issue involved.

**Standard of Review**

Resolution of this case requires a review of the chancellor's findings of fact and conclusions of law. Whether an injury resulting from an idiopathic loss of consciousness is compensable under the Workers' Compensation Act is a question of law. We review a trial court's conclusions of law de novo upon the record with no presumption of correctness. Ganzevoort v. Russell, 949 S.W.2d 293, 296 (Tenn. 1997). The determination of whether an injury arose out of and in the course of a worker's employment is a question of fact. Our review of a trial court's findings of fact in a workers' compensation proceeding is de novo upon the record of the trial court, with a presumption of correctness given to the trial court's findings of fact, unless the evidence preponderates against it. Tenn. Code Ann. § 50-6-225(e)(2) (Supp. 2003); McCormick v. Aabakus Inc., 101 S.W.3d 60, 62 (Tenn. Workers' Comp. Panel 2000). This Court conducts an independent examination of the record to determine where the preponderance of the evidence lies. Galloway v. Memphis Drum Serv., 822 S.W.2d 584, 586 (Tenn. 1991).

**Analysis**

An injury must arise out of and be in the course of employment to be compensable under the Workers' Compensation Act. Tenn. Code Ann. § 50-6-103(a) (1999); Loy v. N. Bros. Co., 787 S.W.2d 916, 918 (Tenn. 1990). "Arising out of" refers to the origin of the incident in terms of causation. McCurry v. Container Corp. of Am., 982 S.W.2d 841, 843 (Tenn. 1998). An accidental injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. GAF Bldg. Materials v. George, 47 S.W.3d 430, 432 (Tenn. Workers' Comp. Panel 2001). Any reasonable doubt as to whether or not an injury arose out of employment is to be resolved in favor of the employee. White v. Werthan Indus., 824 S.W.2d

158, 159 (Tenn. 1992).  "In the course of" relates to time, place, and circumstance.  McCurry, 982 S.W.2d at 843.  An accident occurs in the course of employment if it occurs while an employee is performing a duty he was employed to do.  Fink v. Caudle, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993).

*Causal Connection and Idiopathic Loss of Consciousness*

The chancellor concluded that an injury which occurs due to an idiopathic loss of consciousness is not compensable under the Workers' Compensation Act, because a causal relationship cannot be shown between the employment and the loss of consciousness.

Phillips argues that under Tennessee case law, a worker need not prove that an idiopathic loss of consciousness was caused by his employment.  He asserts that an injury which occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury.  Phillips contends that, in this instance, driving his vehicle to transport other employees was an employment hazard that caused or exacerbated his injury.

After a review of the case law and careful consideration of this issue, we conclude that Phillips is correct that an injury which occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury.  This principle is established in our prior cases, and it continues to be valid.

In Tapp v. Tapp, we dealt with facts quite similar to the present case.  236 S.W.2d 977 (Tenn. 1951).  The employee was driving a vehicle to deliver hardware at his employer's instructions.  He was gripped by a coughing spell, blacked out, and ran the vehicle into a ditch, causing serious injuries.  This Court upheld an award of compensation, rejecting an argument much like A&H's:

> Contention is made by the defendant's counsel that the burden is upon the petitioner to prove a causal connection between his employment and the injury, and that since the cause of his "black-out" has no causal connection with his job he is not entitled to compensation.  But by "causal connection" is meant not proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work.

Id. at 979.

> We are not by this opinion irrevocably committed to the proposition that all accidents resulting from epileptic seizures, or other idiopathic conditions, are compensable.  There may be in many circumstances no causal connection whatever between the cause of the "black-out" and the nature of the employment.  But it seems reasonable to conclude . . . that where . . . physical disturbances, suddenly and without expectation occur and contribute to an injury to an employee while at work the same should be held compensable, provided there

4

is present another hazard, incident to the employment which is generally known to exist and which is shown to be the immediate cause of the accident.

Id. at 980.

Although some of the language above refers to a causal connection between the employment and the black-out, the analysis actually focused on the causal connection between the employment and the *accident* ("cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work.") The Court did not discuss any connection between the employment and the coughing spell itself. The employment hazard in Tapp was the employee driving a vehicle at his employer's instructions, and this hazard was an immediate cause of the accident.

This focus on a causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode, is consistent with precedent explaining the requirement that an accident must arise out of employment. As previously stated, an accidental injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, *a causal connection between the conditions under which the work is required to be performed and the resulting injury.* GAF Bldg. Materials, 47 S.W.3d at 432.

In Greeson v. American Lava Corp., a worker fell while walking up steps. 392 S.W.2d 931 (Tenn. 1965). A tumor on the worker's spine caused him to have problems bearing weight on one leg. In affirming the trial court's denial of compensation, this Court considered whether the conditions of employment contributed to the worker's injury, stating that "the Trial Judge was justified in concluding that when petitioner's right leg failed to respond he would fall regardless of whether he was on level ground or on a step and that the steps did not contribute to the fall. Furthermore, under the evidence, the conclusion that the petitioner's injury was not made greater because of the steps is fully justified by the evidence." Id. at 934-35.

Sudduth v. Williams involved an employee who died from a fall on level ground. 517 S.W.2d 520 (Tenn. 1974). The trial court held that the injury was not compensable because it was not causally connected with the employment. The employee was discovered unconscious on clean, level ground at the service station where he worked. Hospital records stated that he had suffered an alcoholic seizure. No evidence in the record indicated that the employee's fall was caused by anything in the area or that he struck anything other than the floor. Therefore no hazard incident to the employment caused or exacerbated his injuries. In affirming the trial court's ruling, this Court noted that "[e]xamination of the authorities generally reveals that workmen's compensation benefits usually are awarded in connection with idiopathic falls where some condition of the employment presents a peculiar or additional hazard." Id. at 523.

This analysis was applied by the Special Workers' Compensation Panel in McMillin v. McKenzie Special School District, No. W2000-02165-WC-R3-CV, 2001 WL 34090141 (Tenn. Workers Comp. Panel 2001). A teacher who suffered from polio stumbled and fell while walking

up steps, severely injuring her back. The school district argued that the injury was not compensable because it arose out of an idiopathic fall, rather than out of her employment. The workers' compensation panel found that the injury was compensable, noting:

> The Supreme Court of Tennessee has consistently followed the rule that where epilepsy, or other physical disturbances, suddenly and without expectation, occur and contribute to cause an injury to an employee while at work, the same should be held compensable, provided that there is another hazard, incident to the employment, which is generally known to exist and which is shown to be the immediate cause of the accident. Tapp v. Tapp, 192 Tenn. 1, 236 S.W.2d 911, 980 (1951). In the present case, the hazard was the set of steps the claimant was trying to ascend with the use of crutches her pre-existing physical condition required her to use.

Id. at *3.

Compensation is available to a worker injured as a result of an idiopathic episode if that worker can show a causal connection between the injury and some hazard incident to his or her employment. If driving a vehicle is part of an employee's job, then it is certainly a hazard incident to employment. To prove that his injuries arose out of his employment, Phillips must prove that driving his vehicle caused or exacerbated his injuries, not that any condition of work caused his idiopathic loss of consciousness.

———

*"Within the Course of Employment"*

Although the chancellor found that Phillips's injuries did not arise out of his employment, he found that they did occur within the course of his employment. A&H contends that this finding was in error and that this case falls within the general rule that an employee is not within the course of employment while traveling to work. Phillips argues that the chancellor was correct in finding that the facts and circumstances of this case present an exception to the rule.

As A&H contends, generally, injuries sustained by an employee while traveling to or from work are not considered within the course of employment unless they occur on the employer's premises. Howard v. Cornerstone Med. Assoc., P.C., 54 S.W.3d 238, 240 (Tenn. 2001). "The reason supporting this rule is evident: travel to and from work is not, ordinarily, a risk of employment. Rather, driving to work falls into the group of all those things a worker must do in preparation for the work day, such as dressing; and driving from work is often a prerequisite to getting home." Id. at 241 (citations omitted).

There are exceptions to this general rule. Under the special errand exception, an employee can be compensated for injuries sustained while performing some special act, assignment, or mission at the direction of the employer. Id. at 240. "The reason for this exception is that 'the employment imposes the duty upon the employee to go from place to place at the will of the employer in the performance of duty and the risks of travel are directly incident to the employment itself.'" Id. at 241 (quoting Smith v. Royal Globe Ins. Co.. 551 S.W.2d 679, 681 (Tenn. 1977). Injuries sustained by

employees traveling in a company car while going to and from work are also compensable. Id. We have held that an employee's need to carry his own carpentry tools in his truck, combined with a provision for travel reimbursement in the employment contract, removed his case from the general rule. Id. at 241. "[W]e have allowed coverage where the journey itself 'is a substantial part of the services for which the workman was employed and compensated.'" Pool v. Metric Constructors, Inc., 681 S.W.2d 543, 544 (Tenn. 1984) (quoting Smith v. Royal Globe Ins. Co., 551 S.W.2d 679, 681 (Tenn. 1977)). Another exception is the traveling employee, working away from the regular jobsite. Howard, 54 S.W.3d at 241. This exception "is generally applied to employees who travel extensively to further the employer's business, such as traveling salesmen. The travel is an integral part of the job and differs from an ordinary commuter's travel, thereby exposing the traveling employee to greater risks." Id. (citations omitted).

In the present case, it is undisputed that Phillips was traveling to Nashville at his employer's instructions, to pick up two other employees and transport them to Owensboro. Based on the affidavits presented, the chancellor found that when the accident occurred, Phillips was being paid for his time and for the operation of his vehicle. Part of his employment on this occasion was to provide transportation for other employees. After a review of the record, we determine that the evidence does not preponderate against the chancellor's finding that this accident occurred within the course of Phillips's employment.

## Conclusion

Phillips's injuries are compensable under the Workers' Compensation Act. A worker need not prove that an idiopathic loss of consciousness was caused by his employment. An injury which occurs due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the *injury*. The necessary causal link is between the employment and the accident or injury, rather than between the employment and the idiopathic episode. Therefore, we reverse the Chancellor's finding that Phillips's injuries did not arise out of his employment. We affirm the Chancellor's finding that these injuries occurred within the course of Phillips's employment. We remand this case for reinstatement of temporary total disability benefits and for further proceedings consistent with this opinion. The filing and granting of this Rule 10 application has delayed the hearing of this cause on its merits. This cause should therefore be given priority in the trial court upon remand. The costs of this appeal are assessed against the employer, A&H Construction Company, Inc., and its surety, for which execution shall issue if necessary.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE

7