**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 14, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40541
Summary Calendar

_____

LARRY J. SYNOGROUND, JR.,

Plaintiff - Counter Claimant - Appellant,

versus

GREGORY LOUIS MORVAN, ET AL.,

Defendants,

GREGORY LOUIS MORVAN,

Defendant-Appellee

HIGHLANDS INSURANCE CO.,

Intervenor Defendant - Counter Defendant - Appellee

_____

On Appeal from the United States District Court
for the Eastern District of Texas
Docket No. 2:03-CV-68

_____

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Appellant Larry Synoground appeals the district court's
grant of summary judgment to Appellee Gregory Morvan. He argues
that the district court erred in holding that the exclusive remedy
provision of the Texas Workers' Compensation Act bars his tort case

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

against Morvan.  Synoground also challenges the district court's conclusion that his acceptance of workers' compensation benefits barred his suit against Morvan.  Because Synoground's collection of workers' compensation benefits precludes him from maintaining an action at common law for damages, the district court's grant of summary judgment is AFFIRMED.

## I.  BACKGROUND

Synoground was injured while riding as a passenger in a vehicle driven by his co-worker, Appellee Gregory Morvan.  Both Synoground and Morvan were employees of Key Energy Services, and both were traveling away from the work site to eat lunch.  Morvan allegedly caused the car to collide with another vehicle, severely injuring Synoground.  Synoground subsequently claimed and accepted workers' compensation benefits from Key Energy, but he then brought a common law tort suit against Morvan.  The district court granted summary judgment to Morvan because the exclusive remedy provision of the Texas Workers' Compensation Act prevented Synoground from pursuing his tort action and because Morvan, like Synoground, was in the course and scope of his employment at the time of the accident.  Synoground appeals.

## II.  DISCUSSION

An employee who claims and collects workers' compensation benefits is "precluded from maintaining an action at common law against his employer or fellow employees." Berry v. Gregg Indus.

<u>Servs., Inc.</u>, 907 S.W.2d 4, 5 (Tex. App. 1994); <u>see</u> <u>also</u> <u>Moore v.</u> <u>Means</u>, 549 S.W.2d 417 (Tex. Civ. App. 1977) ("We are of the view that appellants, by proceeding to claim and collect benefits provided under workmens' compensation policy of insurance provided by the employer . . . are as a matter of law precluded from maintaining an action at common law for damages . . . against a fellow employee.") (quoting <u>Heibel v. Bermann</u>, 407 S.W.2d 945, 946 (Tex. Civ. App. 1966)); <u>Jones v. Jeffreys</u>, 244 S.W.2d 924, 926 (Tex. Civ. App. 1951). <u>Berry</u> is squarely on point. The plaintiff was injured while returning from a lunch break and riding in the passenger's seat of a vehicle driven by his co-employee. 907 S.W.2d at 5. After the plaintiff claimed workers' compensation benefits, he sued his co-worker who was driving the vehicle. The Texas court of appeals held that the plaintiff had "waived his right to proceed at common law for injuries" because he had collected and claimed workers' compensation benefits. <u>Id.</u>

Synoground's acceptance of workers' compensation benefits establishes that both he and Morvan were acting within the course and scope of their employment at the time of the accident. <u>See</u> TEX. LAB. CODE ANN. §§ 406.031, 401.011(12). To avoid the preclusive effect of the Texas Workers' Compensation Act,[1] however, Synoground now argues that Morvan acted outside the course and scope of his

---

[1] The Act states that the "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee . . . against the employer or an agent or employee of the employer for the death or work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a).

3

employment, even though both he and Morvan were engaged in the same conduct when the accident occurred.  See Darensburg v. Tobey, 887 S.W.2d 84, 87 (Tex. App. 1994).  We agree with the district court that Texas law prevents his assertion of these inconsistent positions because his collection of workers' compensation benefits precludes his common law action against Morvan.  See Moore, 549 S.W.2d at 418-19.

Accordingly, the district court's grant of summary judgment is AFFIRMED.