**Michael and Sherry CLAWSON, individually and as the parents and next of kin of Rachel M. Clawson, deceased,**

**v.**

**Michael L. BURROW, individually and d/b/a Burrow Masonry, and the Tennessee Department of Transportation, and Summers–Taylor, Inc.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

May 16, 2007 Session.

June 19, 2007.

Opinion of Petition To Rehear Aug. 29, 2007.

Permission to Appeal Denied by Supreme Court April 14, 2008.

Howard E. Jarvis and Robert L. Vance, Knoxville, Tennessee, for appellant.

Richard Baker and James S. Mac-Donald, Knoxville, Tennessee, for appellee.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Defendant who had been sued in tort sought summary judgment on the ground that plaintiffs had accepted Worker's Compensation benefits. The Trial Court refused to grant summary judgment and this Court granted an interlocutory appeal. We affirm the ruling of the Trial Court and remand for further proceedings.

## Background

Rachel M. Clawson worked as a construction zone flagger with Summers–Taylor, Inc. ("STI") during the summer of 2002. On June 19, 2002, she was employed at an STI project site on State Route 91 in Carter County. Her personal vehicle was parked along the side of Route 91, and as she stood near her personal vehicle and visited with two co-workers a vehicle driven by Michael L. Burrow, struck the Decedent which resulted in her death.

Later that month, STI's insurer, Zurich American Insurance Company ("Zurich"), sent a letter to Decedent's parents, Michael and Sherry Clawson, informing them that Zurich would be handling their daughter's workers' compensation claim. In August, Zurich issued two checks, with a combined value of $27,500.00, to Decedent's estate. The Clawsons signed these checks and deposited them into their account. Both checks contained the following language under the Clawsons' signatures:

I understand that endorsement hereon or deposit to my accounts constitutes my affirmation that I am receiving these benefits under the State's Workers'

Compensation Act; that circumstances affecting my entitlement have not changed, and I have made no false claims or statements or concealed any material fact, and that doing so could make me liable for civil and criminal penalties including jail.

Zurich also issued checks to numerous healthcare providers for Decedent's medical expenses.

On June 17, 2003, Decedent's parents filed a Complaint in the Circuit Court against Mr. Burrow and STI. The Complaint alleged that STI negligently managed the construction site thereby allowing Mr. Burrow to strike the Decedent. STI filed an Answer arguing that the Tennessee Worker's Compensation Law barred the Clawsons' claims against STI. The Circuit Court entered an Order dismissing the Clawsons' claim against STI without prejudice, but later set that Order aside after the Clawsons contended their daughter was not acting within the course and scope of her employment at the time of her death. The Clawsons amended their Complaint to allege that Decedent had completed the scope and performance of her job at the time of the accident.

On May 8, 2006, STI filed a "Motion for Summary Judgment Based upon the Tennessee Workers' Compensation Act" (the "STI Motion"). The STI argued that the exclusivity provision of the Tennessee Workers' Compensation Law, T.C.A. § 50–6–108, barred the Clawsons' tort claim. STI alternatively argued that the doctrine of election of remedies barred the Clawsons' tort claim. The Clawsons responded that the Doctrine of Election of Remedies did not apply because the Clawsons did not initiate a workers compensation claim, but merely accepted payments initiated by the employer. The Clawsons did not respond to STI's Statement of Undisputed Facts.

On August 8, 2006, the Circuit Court entered an order denying the STI Motion, and reasoned that the doctrine of election of remedies did not bar the Clawsons's tort claim because they merely accepted benefits tendered by STI's insurance carrier and did not pursue a workers compensation claim.

STI sought permission for an interlocutory appeal, which the Trial Court granted Upon the Application being filed with this Court, we permitted the appeal. The review is limited to one issue:

> Did the trial court err when it refused to grant [STI] summary judgment on the tort claims of the appellees Michael Clawson and Sherry Clawson, in view of the fact the Clawsons voluntarily and knowingly accepted the maximum workers' compensation benefits available to them under the Tennessee Workers' Compensation Act?

We specifically denied all requests for review of other issues in this case.

The issue before us is whether the Circuit Court erred in denying STI's Motion for Summary Judgment.

"The standard of review of a summary judgment determination is *de novo* without any presumption of correctness accorded the trial court's judgment." *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn.2002). The appellate court's "only task in deciding a motion for summary judgment is to determine whether 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Tenn. R. Civ. P. 56.04).

The moving party must do more than make conclusory assertions "that the non-moving party has no evidence." *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn.1993). Instead, the moving party must either "affirmatively negate an essential element of the nonmoving party's claim" or "conclusively establish an affirmative defense that defeats the nonmoving party's claim." *Id.* at 215 n. 5.

■ STI argues that the exclusivity provision of the Tennessee Workers' Compensation Law (the "Law") bars the Clawsons' tort claim. This provision provides,

> The rights and remedies granted to an employee subject to the Workers' Compensation Law, compiled in this chapter, on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

T.C.A. § 50–6–108 (2005).

Under STI's interpretation of this provision, "the exclusivity provision of the Act,- § 50–6–108–is triggered by an employee's acceptance of the remedial benefits of the Act...." STI's sole theory on appeal[1] is that the Clawsons' acceptance of payments triggered the § 50–6–108 exclusivity provision and thereby barred their tort claim, regardless of whether the Decedent's

---

1. STI's alternative theory before the trial court—that the election of remedies doctrine barred the Clawsons' tort claim—was not presented on appeal. STI's Reply Brief states, "the issue before this Court is whether § 50–6–108 of the Act precludes this action as to [STI], not whether the common law doctrine

of election of remedies does so." This Brief further states, "because § 50–6–108 of the Act plainly prohibits this tort action as to [STI], there is no need for [STI] to rely upon the common law doctrine of election of remedies for the relief it seeks, and ... it does not do so in either its opening brief or this brief."

death occurred in the course and scope of her employment.

■ The exclusivity provision is triggered when an employee suffers an injury arising out of and in the course and scope of employment. The Workers' Compensation Law is applicable only if the employee suffers "personal injury or death by accident arising out of and in the course of employment."[2] T.C.A. § 50–6–103(a) (2005); *Woods v. Harry B. Woods Plumbing Co., Inc.*, 967 S.W.2d 768, 771 (Tenn. 1998). If such an injury occurs, the employee must accept the remedies of the Workers' Compensation Law,[3] and those remedies exclude all of the employee's other rights and remedies.[4] If the injury did not arise out of and in the course of employment, the employee does not have the option of accepting the Law's remedies because the injury is not compensable under the Workers' Compensation Law. T.C.A. § 50–6–103(a); *Phillips v. A & H Const. Co., Inc.*, 134 S.W.3d 145, 150 (Tenn.2004); *Loy v. North Bros. Co.*, 787 S.W.2d 916, 918 (Tenn.1990).

Although STI cites numerous cases for the proposition that acceptance of workers compensation benefits triggers the exclusivity provision, most of these cases actually applied the exclusivity provision because the facts clearly established that the employees' injuries occurred in the course and scope of employment.[5] The remaining

2. " 'Arising out of' refers to the origin of the incident in terms of causation." *Phillips v. A & H Const. Co., Inc.*, 134 S.W.3d 145, 150 (Tenn.2004). " 'In the course of' relates to time, place, and circumstance." *Id.* Thus, the Workers' Compensation Law grants rights and remedies to individuals whose injuries (1) arose out of their employment and (2) occurred during the course of their employment. *Anderson v. Save–A–Lot, Ltd.*, 989 S.W.2d 277, 279 (Tenn.1999).

3. "Every ... employee subject to the Workers' Compensation Law ... *shall* ... accept compensation for personal injury or death by accident arising out of and in the course of employment...." T.C.A. § 50–6–103(a) (2005) (emphasis added).

4. T.C.A. § 50–6–108 (2005) ("The rights and remedies granted to an employee subject to the Workers' Compensation Law ... shall exclude all other rights and remedies of such employee.").

5. *Clayton v. Pizza Hut, Inc.*, 673 S.W.2d 144 (Tenn.1984) (rejecting the employee's argument that the exclusivity provision does not apply to non-disabling, non-fatal injuries, and applying the exclusivity provision to bar tort recovery for such injuries where the employee never disputed that her injuries occurred "during the course and scope of her employment"); *Liberty Mut. Ins. Co. v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760 (1963) (applying the exclusivity provision to bar an employee's demand to receive punitive damages in addition to workers' compensation benefits where the employee never disputed that the injury occurred in the course and scope of employment); *King v. Ross Coal Co., Inc.*, 684 S.W.2d 617 (Tenn.Ct.App.1984) (applying the exclusivity provision to bar an employee's tort claim because the parties did not dispute that the employee "was injured while working in the course and scope of his employment"); *Golec v. A–1 Ditching Co.*, No. 1365, 1990 WL 209329 (Tenn.Ct.App. Dec.21, 1990) (applying the exclusivity provision to bar the employee's tort claim where the employee never disputed that his injury occurred during the course and scope of his employment and the defendant established that it was not merely a third person, but was an immune joint-venturer of the direct employer at the time of the injury); *Coffey v. Foamex L.P.*, 2 F.3d 157 (6th Cir. 1993) (applying Tennessee law) (applying the exclusivity provision to bar employees' tort claim where the plaintiffs never disputed that the injuries occurred in the course and scope of employment and failed to establish an intentional tort sufficient to trigger an exception to the exclusivity provision); *Posey v. Union Carbide Corp.*, 705 F.2d 833 (6th Cir.1983) (applying Tennessee law) (applying the exclusivity provision to bar a tort claim where the plaintiffs never disputed that the injuries occurred in the course and scope of employment and defendant established that it was an immune principle contractor at the time of

cases applied exclusivity provisions because the doctrines of judicial or equitable estoppel barred the employees' assertions that their injuries occurred outside the course and scope of employment.[6] STI, however, did not pursue an estoppel theory before the Trial Court, and it is not considered on this appeal. *See City of Cookeville ex rel. Cookeville Regional Med. Ctr. v. Humphrey*, 126 S.W.3d 897, 905 (Tenn.2004).

the injury); *Feuchtwanger v. Southland Corp.*, No. 85C–FE–79, 1986 WL 8001, at *1 (Del.Super.Ct. June 25, 1986) (applying the exclusivity provision of the Delaware Workers' Compensation Law to bar an employee's tort claim and reasoning that "[a]s the plaintiff's injuries occurred while she was at work for the [employer], they 'arose out of and in the course of employment' and are covered exclusively by that statute"); *Skinner v. Martin*, 455 N.E.2d 1168, 1170–71 (Ind.Ct.App. 1983) (applying the exclusivity provision of the Indiana Workers' Compensation Law to bar an employee's tort claim after concluding that the employee's injury arose out of and in the course of employment).

6. In *Synoground v. Morvan*, 205 Fed. Appx. 294 (5th Cir.2006) the plaintiff—employee was injured while riding as a passenger in a vehicle driven by a co-worker. *Id.* at 295. The plaintiff claimed and accepted workers' compensation benefits from the employer, but he then sought a tort remedy from the co-worker. *Id.* The co-worker argued that the injury occurred in the course and scope of employment; therefore, the exclusive remedy provision of the Texas Workers' Compensation Act prevented the plaintiff's tort claim. *Id.* The plaintiff argued that the injury did not occur during the course and scope of employment; therefore, the exclusive remedy provision did not apply. *Id.* at 296. The Fifth Circuit cited Texas case law holding that the doctrine of judicial estoppel prevents an employee who claims workers' compensation from subsequently denying that the injury occurred in the course and scope of employment. *Id.* (citing *Moore v. Means*, 549 S.W.2d 417, 418–19 (Tex.Civ.App.1977)). Because the plaintiff could no longer deny that the injury occurred in the course and scope of employment, the Fifth Circuit held that the

Based on the foregoing, application of the exclusivity provision depends upon whether the Decedent's death arose out of and in the course of her employment. STI may not use the exclusivity provision of § 50–6–108 to secure a judgment as a matter of law unless it can show there was no genuine dispute of material fact that the Decedent's death arose out of and in the course and scope of her employment. STI's Statement of Undisputed Material

exclusivity provision barred the tort claim. *Id.*

In *Mann v. Workman*, 181 Ga.App. 211, 351 S.E.2d 680 (1986) the plaintiff-employee was injured while riding as a passenger in a vehicle driven by a co-worker. *Id.* at 681. The plaintiff accepted workers' compensation benefits from his employer for approximately one year and subsequently filed a negligence action against the co-worker. *Id.* The co-worker argued that the exclusivity provision of the Georgia Workers' Compensation Law barred the plaintiff's action. *Id.* The plaintiff argued that the injury did not occur in the course and scope of employment; therefore, the exclusivity provision did not apply. *Id.* The Georgia Court of Appeals concluded that the doctrine of equitable estoppel prevented an employee who accepts workers' compensation benefits for a year or more from subsequently denying that the injury occurred in the course and scope of employment. *Id.* at 682 (citing *Dickerson v. Colgrove*, 100 U.S. 578, 579, 25 L.Ed. 618 (1879) (discussing estoppel *in pais* )). In the subsequent appeal, however, the Supreme Court of Georgia applied different reasoning to the case. *Mann v. Workman*, 257 Ga. 70, 354 S.E.2d 831 (1987). The court reasoned that the injury actually occurred in the course and scope of employment; therefore, the exclusionary provision alone barred the employee's tort claim without application of equitable estoppel. *Id.* In a subsequent opinion the Supreme Court of Georgia expressed its concerns regarding such use of equitable estoppel: "The successful continuation of the workers' compensation system requires that studied caution be exercised before the doctrine of estoppel is applied against an injured party who does nothing more than receive compensation benefits voluntarily provided by an employer." *Collins v. Grafton, Inc.*, 263 Ga. 441, 435 S.E.2d 37, 40 (1993).

Facts in Support of Summary Judgment does not address this factual issue and thus failed to negate an essential element of the plaintiff's claim. *See Byrd.*

We affirm the Order of the Trial Court denying STI summary judgment and remand with directions to the Trial Court to first establish whether Decedent's death occurred during the course and scope of her employment. If the Trial Court determines that it did, then the action against this defendant will be dismissed. If the Trial Court determines that the death did not occur during the course and scope of the Deceased's employment, plaintiff's action in tort will go forward against this defendant.

The cost of the appeal is assessed to Summers–Taylor, Inc.

## OPINION ON PETITION
## TO REHEAR

Appellant ("STI") has filed a Petition for Rehearing pursuant to T.R.A.P. Rule 39. The Rule provides in pertinent part the following:

> Rehearing may be granted by the Supreme Court, Court of Appeals, or Court of Criminal Appeals on its own motion or on petition of a party. In determining whether to grant a rehearing, the following, while neither controlling nor fully measuring the court's discretion, indicate the character of reasons that will be considered: (1) the court's opinion incorrectly states the material facts established by the evidence and set forth in the record; . . . (3) the court's opinion overlooks or misapprehends a material fact or proposition of law; . . .

T.R.A.P. 39(a)(2005).

■ In support of its Petition for Rehearing, STI contends that the Court incorrectly stated that STI "did not pursue an estoppel theory before the Trial Court."

STI notes that in its Answer to the Clawsons' Third Amended Complaint it specifically pled estoppel. The relevant portion of STI's Answer stated, "Because Plaintiffs [the Clawsons] have recovered workers' compensation benefits as a result of injuries to the decedent, Summers-Taylor pleads accord and satisfaction, estoppel, election of remedies and waiver as a bar to their claims against it."

Although STI pled "estoppel" in its Answer, it did not pursue this theory in its "Motion for Summary Judgment Based on the Tennessee Workers' Compensation Act," in its Brief in Support of Summary Judgment, or in its Supplemental Motion and Argument in Support of Motion for Summary Judgment. STI's Motion for Summary Judgment and supporting documents presented two alternate theories for summary judgment. First, STI argued that the Clawson's acceptance of payments—which STI's insurer voluntarily paid and labeled as workers' compensation benefits—triggered the § 50-6-108 exclusivity provision and thereby barred their tort claim, regardless of whether the Decedent's death occurred in the course and scope of her employment. Second, STI argued that the election of remedies doctrine barred the Clawson's tort claim. The doctrines of judicial or equitable estoppel were never discussed. Moreover, during the Circuit Court's July 10, 2006 motion hearing, STI never mentioned the doctrines of judicial or equitable estoppel. STI's argument at the hearing consisted of only two theories, i.e., the § 50-6-108 exclusivity provision and the doctrine of election of remedies.

Although STI pled estoppel in it Answer, it never brought this theory to the attention of the Trial Court as a ground for summary judgment. Under these circumstances, consideration of this theory

was not appropriate. *See, Griswold v. Income Properties, II*, 880 S.W.2d 672, 678 (Tenn. Ct. App. 1993) (declining to consider a defensive theory pled in the answer but not brought to the trial court's attention in a subsequent motion for summary judgment).

We respectfully deny STI's Petition for Rehearing.