**FILED**

**July 18, 2017**

**IN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 3:09 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **GWENDOLYN L. HUGHES,** | ) | **Docket No.: 2016-03-1190** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SECURITY FINANCE,** | ) | **State File No.: 83194-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **THE HARTFORD,** | ) | **Judge Lisa A. Lowe** |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## DENYING BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by Gwendolyn L. Hughes on July 12, 2017. The central legal issue is whether Ms. Hughes' knee injury arose primarily out of and in the course and scope of her employment or was idiopathic. For the reasons set forth below, the Court holds Ms. Hughes did not carry her burden of proof. Therefore, the Court denies her claim for medical and temporary disability benefits at this time.

### History of Claim

Ms. Hughes is employed by Security Finance as an assistant manager. On October 24, 2016, Ms. Hughes was returning to the office from being on a "smoke break" with co-worker Jamie Buckner. Ms. Hughes opened the door and entered the office with Ms. Buckner entering behind her. After walking approximately three feet into the office, Ms. Hughes turned around when she thought she heard Ms. Buckner say something. In the process of turning, she fell to the floor, injuring her right knee. Ms. Buckner and an employee from the business next door assisted Ms. Hughes from the floor into a chair. Ms. Buckner contacted Security Finance's area manager to report the injury. Ms. Hughes' sister took her to Lakeway Regional Hospital for medical treatment. Ms. Hughes stated she has undergone four surgeries and has been advised she will need right knee replacement because of the incident.

1

At the hearing, Ms. Hughes testified she had stepped about three feet into the office and fell on a rug. She said that the rug occasionally picks up gravel from people entering. However, she testified that nothing about the rug made her fall and that she has no idea why she fell. Ms. Buckner likewise testified that she does not know why Ms. Hughes fell. Ms. Bucker said she never personally experienced any problems with the hardwood floors or the rug.

## Findings of Fact and Conclusions of Law

The following legal principles govern the Court's analysis of this claim. In order to ultimately prevail, Ms. Hughes bears the burden of proving all essential elements of her claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an Expedited Hearing, however, her burden of proof is lower and requires her only to come forward with sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Ms. Hughes of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

With the above principles in mind, the term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14) (2016).

Here, Ms. Hughes was injured when she returned from a "smoke break." Security Finance did not contend that the "smoke break" was unauthorized or not allowed. However, it did assert that Ms. Hughes' injury did not arise out of the employment because the injury was idiopathic in nature.

Addressing the idiopathic defense, the Court notes, "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Dec. 10, 2015) (internal citations omitted).

In *McCaffery,* the Workers' Compensation Appeals Board noted, "[a]n injury that

occurs due to an idiopathic condition is compensable 'if an employment hazard causes or exacerbates the injury.'" *McCaffery*, at *10-11, (citing *Phillips v. A&H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004)). The Appeals Board further noted that "cause" means the accident originated in the hazards to which the employee was exposed as a result of performing his job duties. Thus, the focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode. *Id.*

For Ms. Hughes to prove that her injury arose primarily out of her employment, she must prove a condition or hazard incident to her employment caused her injury. *Id.*; *see also Osborne v. Beacon Transp., LLC, et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 49, at *6-7 (Sept. 27, 2016). The relevant inquiry is not what caused the alleged idiopathic condition or event but what caused the injury. *Frye v. Vincent Printing Co., et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *13 (Aug. 2, 2016).

In this case, Ms. Hughes candidly testified that she did not know why she fell. Additionally, Ms. Buckner testified that she did not know why Ms. Hughes fell. While the Court is sympathetic that Ms. Hughes sustained a severe injury requiring multiple surgeries, there is no evidence before the Court of any condition or hazard that caused her to fall. Upon careful consideration, this Court cannot find that Ms. Hughes is likely to prevail at a hearing on the merits in establishing that a condition or hazard incident to her employment caused her knee injury. Therefore, her request for workers' compensation benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hughes' claim against Security Finance and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on September 15, 2017, at 9:30 a.m. Eastern Time. The parties must call 865-594-0109 or 855-383-0003 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED** this the 18th day of July, 2017.

**HON. LISA A LOWE, JUDGE**
**Court of Workers' Compensation Claims**

3

# APPENDIX

Exhibits:

1) Affidavit of Gwendolyn Hughes
2) Affidavit of Jamie Buckner
3) Statement of Incident Details of Gwendolyn Hughes (marked for identification purposes only)
4) Statement of Additional Incident Details of Gwendolyn Hughes (marked for identification purposes only)
5) Statement of Dispute of First Report of Work Injury by Gwendolyn Hughes (marked for identification purposes only)
6) First Report of Work Injury, Form C-20

Technical Record:

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Expedited Hearing
4) Employer's Response to Employee's Request for Expedited Hearing
5) Employer's Motion to Permit Telephonic Testimony at Expedited Hearing
6) Order Regarding Expedited Hearing

Stipulations:

The parties stipulated the date of injury is October 24, 2016.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 18ᵗʰ day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Denise Terry, Employee's Attorney | | | X | denise@terry-lawfirm.com |
| Blair Cannon, Employer's Attorney | | | X | Blair.Cannon@thehartford.com |

PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov

5