

**FILED**
**Apr 11, 2023**
**12:36 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **DULKA BRDJANIN,** | ) | **Docket No. 2022-06-0446** |
| | ) | |
| **Employee,** | ) | |
| v. | ) | |
| **HOSPITAL HOUSEKEEPING** | ) | **State File No. 13018-2021** |
| **SYSTEMS, LLC,** | ) | |
| **Employer,** | ) | |
| | ) | |
| **SAFETY NATIONAL CASUALTY** | ) | **Judge Joshua Davis Baker** |
| **CORP.,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on March 23, 2023, to decide Ms. Brdjanin's entitlement to benefits for an injury she suffered in a fall. Because an idiopathic condition caused her to faint, and her employment did not present a special hazard that caused or exacerbated her injuries, the Court holds she is unlikely to prevail at a final hearing and denies her request.

### Claim History

Ms. Brdjanin fell while cleaning a hospital room for Hospital Housekeeping Systems. However, her accounts differed over time about what caused her fall. One account, which was documented in the first two days after her injury, described fainting. The other version, which appeared only recently in her declaration and testimony, explained she tripped over something in the room.

Ms. Brdjanin, who speaks no English, went to the emergency room where her adult children interpreted for her. They relayed to the medical staff that she had fainted and injured her left arm and face.

Dr. Malcolm Steele examined her and wrote, "[Patient] states . . . today she was cleaning a room when she blackout [sic] and fell" and "hurt her arms, face, mouth and eyes." He attributed her injuries to an accidental fall from "syncope and collapse[,]" and he referred her "to ER for fainting."

Hospital staff explained, "[Earlier this morning [she] was working here at Centennial where she got lightheaded and passed out. She then awoke with significant pain to her left arm." Apparently, Ms. Brdjanin had "heart palpitations and then blacked out and fell." Staff further reported, "History is obtained from her son as she is from Bosnia and doesn't speak English. She felt the room spin and become black and fell hitting her face/landing on wrist . . . We have been consulted for syncope."

After HHS denied the claim as an idiopathic injury, Ms. Brdjanin filed a petition in which she wrote, "I don't know how but I faild [sic] and hit the bed with my forehead."

By the time she filed her hearing request with a declaration, Ms. Brdjanin claimed she had tripped. She wrote in her declaration, "I tripped and fell[.] I hit my head on the bed and busted my forehead[.] I also broke my arm [in] the fall." Likewise, she testified at the hearing that she tripped over something in the room and fell but did not mention hitting the bed.

## Findings of Fact and Conclusions of Law

Ms. Brdjanin must present sufficient evidence that she is likely to prevail at a final hearing to receive benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2022); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

To prevail at a final hearing, she must prove that she suffered a work-related injury. Not all injuries that happen at work are work injuries. Rather, a work injury is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment[.]" Tenn. Code Ann. § 50-6-102(12).

Of the two accounts of injury, the Court finds first one more credible. Ms. Brdjanin had the help of her daughter and son's interpretation, and neither she nor they had any motive to mislead medical staff. In fact, they had every reason to be truthful so that she could receive appropriate medical help. Further, medical staff had nothing to gain by mis-recording her account. Therefore, the Court finds Ms. Brdjanin fainted, which resulted in an idiopathic injury.

An idiopathic injury is one that has "an unexplained origin or cause, and generally does not arise of the employment unless some condition of the employment presents a

2

peculiar or additional hazard." *Veler v. Wackenhut Servs*., No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011).

An injury that occurs from an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *Phillips v. A&H Constr. Co*., 134 S.W.3d 145, 148 (Tenn. 2004). The focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode. *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *11 (Dec. 10, 2015). In this context, *cause* means that the accident originated in the hazards to which the employee was exposed as a result of her work. *Id*. at *10.

For Ms. Brdjanin to prevail at a final hearing, she must prove her work presented a special hazard that caused or exacerbated her injuries when she fainted. For instance, if employment required a worker to be on a ladder or to use a dangerous tool, those would be special hazards that could cause or exacerbate a worker's injuries if she fainted. But here, Ms. Brdjanin did not present any evidence that her injuries were caused by a particular hazard in the room where she fell. Without that proof, the Court cannot find that her injuries were any more caused or exacerbated by her employment than if she had fainted while cleaning her room at home.

Therefore, the Court holds that she is unlikely to prevail at a final hearing in proving she suffered a compensable work injury and denies her request at this time.

**IT IS ORDERED** as follows:

1. The Court denies Ms. Brdjanin's requested relief at this time.

2. The Court sets this claim for **a scheduling hearing on Monday June 19, 2023, at 9:30 a.m. Central Time.** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED April 11, 2023.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits

1. Medical records
2. Rule 72 declaration of Ms. Dulka Brdjanin
3. HHS personnel records
4. HHS Medical History Questionnaire

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Request for Status Hearing
5. Order Setting Status Conference
6. Motion for Extension of Deadline to file a Prehearing Statement
7. Order Granting Motion for Extension
8. Employer's Prehearing Statement

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on April 11, 2023.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Dulka Brdjanin, Employee | | | X | amersshoping@yahoo.com |
| Neil McIntire, Employer's Attorney | | | X | nmcintire@howell-fisher.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*