

FILED

December 22, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

TIME 2:51 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | |
|---|---|
| **BRYAN CALDWELL** ) | **Docket No.: 2015-07-0153** |
| **Employee,** ) | |
| **v.** ) | **State File No.: 2799-2015** |
| ) | |
| ) | |
| **CORRECTIONS CORP.** ) | **Judge Amber E. Luttrell** |
| **OF AMERICA** ) | |
| **Employer,** ) | |
| **And** ) | |
| ) | |
| **NEW HAMPSHIRE INSURANCE** ) | |
| **INSURANCE CO.** ) | |
| ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS
## (FILE REVIEW DETERMINATION)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Bryan Caldwell, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. Caldwell requested the Court decide his interlocutory claim for medical benefits based on a review of the file without an evidentiary hearing. The employer, Corrections Corp. of America (CCA), did not request an in-person evidentiary hearing. The Court issued a Docketing Notice on November 25, 2015, allowing the parties seven business days to raise any objections to admissibility of any document filed in this case. The parties filed no objections.

Upon review of the file, the Court finds no affidavit accompanied Mr. Caldwell's REH as required by Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(a) (2015).[1] However, the Court finds that CCA filed no response to the REH and to date, raised no objection to the absence of a supporting affidavit. This Court finds that no additional information is needed to determine whether Mr. Caldwell is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Rule 0800-02-21-.14(1)(c) (2015) of the Tennessee Compilation Rules and Regulations, the Court decided the issues

---

[1] The Court notes the file does contain a recorded statement of Mr. Caldwell demonstrating why he is entitled to the benefits sought.

1

in this case upon a review of the written materials and without benefit of an evidentiary hearing. [2]

The present focus of this case is the compensability of Mr. Caldwell's left knee injury. The central legal issue is whether Mr. Caldwell is likely to prevail at a hearing on the merits that his left knee injury arose primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Caldwell's injury is idiopathic and not compensable. The Court therefore denies his requested relief. [3]

**History of Claim**

Mr. Caldwell is a twenty-seven-year-old resident of Hardin County, Tennessee. (T.R. 1.) He worked as a Senior Correctional Officer for CCA. *Id.*

On January 7, 2015, Mr. Caldwell stood up from a chair and heard something pop in his left knee. (Ex. 8.) Mr. Caldwell stated in his recorded statement that the pop actually occurred in the back of his knee. He sat back down because he could not walk or put pressure on the knee. CCA offered Mr. Caldwell a panel of physicians from which he selected Hall Medical Clinic. (Ex. 4.) Upon determining that Hall Medical Clinic was closed for the evening, CCA employees transported Mr. Caldwell to the emergency room at Wayne Medical Center for immediate treatment.

Mr. Caldwell saw Dr. Donald Polk at Wayne Medical Center and reported he "stood up at work and heard the knee pop and the pain started." (Ex. 9a.) Dr. Polk ordered an x-ray of the left knee that revealed no acute fracture or dislocation. There was no joint effusion, and bone mineralization and soft tissues were normal. Dr. Polk diagnosed a knee strain, applied an ACE bandage, and referred Mr. Caldwell to an orthopedist for evaluation and an MRI.

Mr. Caldwell presented to Hall Medical Clinic the next day and saw Ryan Niswander, N.P. (Ex. 9b.) Upon examination, N.P. Niswander diagnosed a knee sprain. He recommended light duty for one week and ordered an MRI of the knee. On a "Workers' Comp Physician Report," N.P. Niswander indicated Mr. Caldwell's condition was a "legitimate workers' compensation claim." He recommended Mr. Caldwell take Tylenol or Motrin as needed for pain.

A claims adjuster for CCA's third-party administrator, Corvel, took a recorded statement of Mr. Caldwell on January 8, 2015. CCA investigated the claim and filed a

---

[2] By making an on-the-record determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. The Court notes in this case that the parties did not raise any objection to admissibility of any information in the file; therefore, the Court reviewed and considered the entire case file in making its determination.

[3] A complete listing of the technical record and documents reviewed is attached to this order as an appendix.

Notice of Denial on January 12, 2015. As the basis for denial, CCA stated, "Employee did not suffer an injury compensable under the Tennessee Workers' Compensation Act." (Ex. 2.)

Mr. Caldwell filed a Petition for Benefit Determination seeking medical benefits and temporary disability benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediation Specialist filed a Dispute Certification Notice on August 24, 2015. (T.R. 2.) CCA contends Mr. Caldwell suffered an idiopathic incident that did not arise primarily out of his employment.

Mr. Caldwell filed an REH on October 23, 2015. The Court notes the parties filed position statements at the time of the PBD and concludes the parties are relying upon their previous position statements in this Expedited Hearing.

### Findings of Fact and Conclusions of Law

In general, an employee bears the burden of proof on all prima facie elements of his or her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Under the Tennessee Workers' Compensation Law, an injury is accidental "only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" Tenn. Code Ann. § 50-6-102(13)(A) (2014). The statutory requirements that an injury arise out of and in the course of the employment are not synonymous "although both elements exist to ensure a work connection to the injury for which the employee seeks benefits." *Blankenship v. Am. Ordnance*, 164 S.W.3d 350, 354 (Tenn. 2005); *Hosford v. Red Rover Preschool,* 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *19 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014).

An injury occurs in the course of employment if it takes place while the employee performs a duty he or she is employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993). Thus, the "course of employment" requirement focuses on the time, place and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005).

It is undisputed that Mr. Caldwell was where he was expected to be and was engaged in the duties of his employment with CCA at the time of his injury. Thus, the Court finds both the location and activity elements of "in the course and scope of employment" are satisfied. The determinative issue in this case becomes whether Mr. Caldwell's injury *arose primarily out of his employment*. (Emphasis added.)

In *Willis v. All Staff*, the Tennessee Workers' Compensation Appeals Board recently reiterated longstanding causation principles:

> The mere presence of the employee at the place of injury because of the employment is not enough, as the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. Accordingly, an injury purely coincidental, or contemporaneous, or collateral, with the employment . . . will not cause the injury . . . to be considered as arising out of the employment.

*Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *19-20 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015) (citations omitted).

"An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015)(citations omitted).

As noted by the Workers' Compensation Appeals Board in *McCaffery*, an injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *Id*. at *10, *citing Phillips v. A&H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004).[4]

Mindful of the foregoing principles, the Court finds the "pop" in Mr. Caldwell's knee was an idiopathic incident because of its unexplained origin or cause. As noted in *McCaffery* and *Phillips*, in order for an idiopathic injury to be compensable, there must be an employment hazard that causes or exacerbates the injury. There is no proof before

---

[4] In *Phillips*, the Tennessee Supreme Court noted that "[a]ny reasonable doubt as to whether or not an injury arose out of employment is to be resolved in favor of the employee." *Id*. at 150. This principle does not apply to injuries occurring on or after July 1, 2014. However, the Supreme Court did not base its application of the principle that an injury due to an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury on a remedial interpretation of the statute. Accordingly, reliance on the principle expressed in *Phillips*, that an injury arising from an idiopathic condition is compensable if an employment hazard causes or exacerbates the injury, is proper. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

this Court of any hazard that caused or exacerbated Mr. Caldwell's knee sprain. The only proof before this Court of the mechanism of Mr. Caldwell's injury is the statement he provided in his recorded statement and the history he gave to the medical providers. Mr. Caldwell consistently described standing up from a chair when his knee popped. In his recorded statement, Mr. Caldwell specifically denied hitting his knee on anything or "anything being out of the ordinary." (Ex. 8.) There is no proof before the Court that the chair or anything around Mr. Caldwell posed any hazard that may have caused or exacerbated his injury.

In support of his claim, Mr. Caldwell relies on the Tennessee Workers' Compensation Panel decision in *Jackson v. Goodyear Tire & Rubber Co.*, No. W2007-01131-WC-R3-WC, 2008 Tenn. LEXIS 562, at *2 (Tenn. Workers' Comp. Panel Aug. 26, 2008). Mr. Caldwell asserts the facts in *Jackson* are directly on point with the instant case. In *Jackson*, an employee sustained an aggravation of his pre-existing degenerative back condition while rising from a chair during his lunch break on the employer's premises. *Id.* at *2. The employee contended that the fixed arrangement of the chair and table constituted a hazard associated with the workplace, because it was necessary for him to turn or twist in order to rise to his feet. *Id.* at *5. Even then, in affirming the trial court's finding of compensability, the Panel held, "The situation presented here is undoubtedly at the outer limit of compensability under our workers' compensation law." *Id.* at *6. The Panel went on to base its decision, in part, on "the overarching principle that 'any reasonable doubt as to whether an injury arose out of the employment is to be resolved in favor of the employee.'" *Id.* at *6, *citing Bell v. Kelso Oil Co.*, 597 S.W.2d 731, 734 (Tenn. 1980).

This Court finds *Jackson* inapplicable. Significantly, the overarching principle of "any reasonable doubt as to whether an injury arose out of the employment be resolved in favor of the employee," no longer applies to injuries occurring on or after July 1, 2014. *Id.* Instead, the Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014).

Therefore, as a matter of law, Mr. Caldwell has not come forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits on the issue of compensability. His request for medical benefits and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Caldwell's claim against CCA and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on February 5, 2016 at 10 a.m. (CDT).

**ENTERED this the 22nd day of December, 2015.**

_____
**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Amber E. Luttrell, Court of Workers' Compensation Claims. You must call 901-543-2668 or toll-free at 855-543-5046 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying

6

the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

The Court reviewed the following documents and designates these documents as the Technical Record:

1. Petition for Benefit Determination (PBD), filed July 16, 2015
2. Dispute Certification Notice (DCN), filed August 24, 2015
3. Request for Expedited Hearing (REH), filed October 23, 2015
4. Employer's Position Statement in Response to PBD dated July 31, 2015
5. Employee's Position Statement in support of PBD dated August 20, 2015


The Court reviewed the following documents in reaching its decision and designates the documents as Exhibits solely for ease of reference by the Court:

1. First Report of Injury
2. Notice of Denial
3. Wage Statement
4. Panel of Physicians
5. Correctional Officer Job Description
6. Tennessee Department of Correction Accident Report
7. Email from Corvel adjuster, Becky Taylor, with recorded statement notes
8. Recorded statement transcript of Bryan Caldwell
9. Medical records from the following providers:
   a. Wayne Medical Center
   b. Hall Medical Center

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical Benefits was sent to the following recipients by the following methods of service on this the 22nd day of December, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Cameron Hoffmeyer, Esq. Employee's Attorney | | | X | choffmeyer@bhsdlaw.com |
| Vickie Moffett Cruzen, Esq., Employer's Attorney | | | X | vmoffettcruzen@shuttleworthwilliams.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9