FILED

September 27, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Alonzo Osborne, Jr. | ) Docket No. 2015-05-0652 |
| | ) |
| v. | ) |
| | ) State File No. 92949-2015 |
| Beacon Transport, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

### Affirmed as Modified – September 27, 2016

---

In this interlocutory appeal, the employer challenges the trial court's award of medical benefits. The employee, a truck driver, alleged injuries arising from a motor vehicle accident that occurred after he suffered a syncopal episode of unknown cause while driving. The employer maintained that the employee's alleged injuries did not arise primarily out of the employment. Following an expedited hearing, the trial court ordered the employer to pay certain medical expenses incurred as a result of the motor vehicle accident. The employer has appealed. We affirm the trial court's order as modified and remand the case to the trial court for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

B. Duane Willis, Nashville, Tennessee, for the employer-appellant, Beacon Transport, LLC

Alonzo Osborne, Jr., Smyrna, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Alonzo Osborne, Jr. ("Employee"), a fifty-seven-year-old resident of Rutherford County, Tennessee, worked for Beacon Transport, LLC ("Employer"), as a truck driver. On February 23, 2015, Employer instructed Employee to travel to a port in New Orleans,

1

Louisiana, pick up a load of raw rubber, and deliver it to a customer's location in LaVergne, Tennessee.

After picking up the load, and while driving through Mississippi, Employee received a message on his Qualcomm, an on-board communication device, instructing him to return to a truck stop and transfer his cargo to a different driver. He was then to return to the port in New Orleans and pick up a different load for delivery. Because it was approximately 1:00 p.m., and Employee knew that the port in New Orleans closed at 3:30 p.m., he believed that he would not be able to pick up the load until the following day. This angered Employee, and he decided to disregard the instructions received on his Qualcomm. While continuing to travel through Mississippi, he contacted two other drivers on his mobile telephone and engaged in a three-way conversation using a hands-free device. Employee testified that he became angrier during this conversation and that his blood pressure became elevated. He has no recollection of the subsequent accident, but vehemently denied falling asleep. Instead, he believes he "blacked out" and, when he regained consciousness, his vehicle was off the road and "up against [a] tree."

After the accident, Employee was transported by ambulance to a hospital where he was treated. Thereafter, Employer denied Employee's claim for workers' compensation benefits, and Employee filed a Petition for Benefit Determination. Following unsuccessful mediation, a dispute certification notice was issued and a request for expedited hearing was filed.

During the expedited hearing, Employee offered into evidence two medical bills that he asserted were incurred as a result of the accident. However, the trial court sustained Employer's objection to the introduction of these bills based on the lack of authentication and hearsay, and it excluded them as evidence. No other medical records were offered into evidence. Following the expedited hearing, the trial court determined that, "as a matter of law, [Employee] has come forward with sufficient evidence from which the Court concludes that he is likely to prevail at a hearing on the merits." Moreover, while acknowledging that it had excluded the evidence of Employee's alleged medical expenses, the court nevertheless concluded that "[h]is request for payment of his February 23, 2015 medical expenses is granted at this time." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

2

(A)     Violate constitutional or statutory provisions;

(B)     Exceed the statutory authority of the workers' compensation judge;

(C)     Do not comply with lawful procedure;

(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

**Analysis**

*Idiopathic Injuries*

An employee asserting a claim for workers' compensation benefits has the burden of proving every essential element of his or her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2015). However, as we have discussed previously, the burden of proof at an expedited hearing is different than the burden of proof at a final compensation hearing. *Riley v. Grp. Electric*, No. 2015-06-0886, 2016 TN Wrk. Comp. App. Bd. LEXIS 26, at *9 (Tenn. Workers' Comp. App. Bd. July 5, 2016). At an expedited hearing, a trial court can order the initiation of temporary disability and/or medical benefits if it is satisfied that the employee has produced sufficient evidence to show he or she "would likely prevail" at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2015); *see also McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard does not relieve the employee of the burden of coming forward with evidence of an injury arising primarily out of and in the course and scope of his or her employment, but allows a trial court to order some benefits even if the employee's evidence at an expedited hearing does not meet the preponderance of the evidence standard. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sep. 29, 2015).

Employer asserts on appeal that Employee's accident was caused by an idiopathic condition and that there was insufficient evidence his injuries arose primarily out of the employment to support the trial court's order for medical benefits. An idiopathic condition has been defined to mean one of "unexplained origin or cause." *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). The Tennessee Supreme Court has explained that a work injury that occurs due to an idiopathic condition "is compensable if an employment hazard causes or exacerbates the injury." *Phillips v. A & H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004). The Court in *Phillips* held that "[i]f driving a vehicle is

3

part of an employee's job, then it is certainly a hazard incident to employment." *Id.* at 152.

In *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015), we addressed a case factually similar to the present case. The employee in *McCaffery* was driving a truck and attempting to negotiate a curve when he sneezed, resulting in a motor vehicle accident. *Id.* at *2. In addressing the employer's argument that the employee's sneeze of unknown origin constituted an idiopathic condition that rendered his claim non-compensable, we explained that the pertinent inquiry is not what caused the idiopathic condition, but what caused the employee's injury. *Id.* at *11. Thus, although the cause of the employee's sneeze was unknown, the cause of his injury was not. It arose primarily from a hazard incident to employment: the operation of his employer's truck within the course and scope of his employment. *Id.* at *15.

In the present case, Employer argues that "the injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work." It then asserts that "he only proved he blacked out, with no medical rationale for same . . . nor did he prove that anything work related made his alleged injuries compensable." Employer's argument is unpersuasive given Employee's unrefuted testimony that a particular hazard of employment, driving his employer's truck, caused or exacerbated his alleged injuries. It is also undisputed that Employee was transported by ambulance from the scene of the accident to a hospital for medical treatment. Thus, although Employee did not come forward with evidence as to the extent or nature of his injuries, he offered unrefuted testimony that supported the trial court's determination that he is likely to prevail at a hearing on the merits in establishing a compensable accident.[1] As we explained in *McCord*, although an employee at an expedited hearing may not prove by a preponderance of the evidence that he or she sustained a compensable injury arising primarily out of and in the course and scope of employment, the employee can satisfy a lesser burden at an interlocutory stage of the proceedings to support an order compelling the initiation of medical or temporary disability benefits pending a trial. *McCord*, at *18. Such is the case here.

Therefore, we conclude that the rationale expressed in *McCaffery* applies in this case. As in that case, it is undisputed that Employee was operating Employer's truck and delivering a load for Employer at the time of the accident. Moreover, in both cases, an idiopathic event immediately preceded the motor vehicle accident. In *McCaffery* it was a sneeze of unknown origin while in this case it was a syncopal episode of unknown origin. In both cases, Employee sought benefits for injuries sustained as a result of a motor

---

[1] Although Employee testified during the expedited hearing that he failed to follow Employer's instructions received through his Qualcomm, and that he initiated a mobile telephone call through a hands-free device prior to the accident, Employer did not argue that these actions rendered Employee's claim non-compensable. Accordingly, we need not address such issues.

4

vehicle accident immediately following the idiopathic event. Given such circumstances, we find that the trial court appropriately ordered Employer to initiate medical benefits in accordance with Tennessee Code Annotated section 50-6-204.

*Order for Medical Benefits*

Nevertheless, we agree with Employer that Employee has not offered sufficient proof of any *specific* medical expenses eligible for payment or reimbursement. During the expedited hearing, Employee's proffered evidence of his incurred medical expenses was excluded in response to Employer's objections to lack of authentication and hearsay. Thus, to date, the record contains no evidence of any medical expenses causally related to the motor vehicle accident. Therefore, the trial court's order must be modified to require Employer to fulfill its statutory obligations for the provision of medical benefits as set forth in Tennessee Code Annotated section 50-6-204 rather than directing Employer to pay bills that were excluded from evidence.

**Conclusion**

We conclude that the preponderance of the evidence supports the trial court's order for the provision of reasonable and necessary medical benefits causally related to the work accident. However, we modify the order to the extent it directs medical bills be paid that were excluded as evidence. The case is remanded to the trial court for any further proceedings that may be necessary.

5



**FILED**

**September 27, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Alonzo Osborne, Jr. | ) Docket No.    2015-05-0652 |
| | ) |
| v. | ) State File No. 92949-2015 |
| | ) |
| Beacon Transport, LLC, et al. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of September, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Alonzo Osborne, Jr. | | | | | X | amosborne02@gmail.com |
| B. Duane Willis | | | | | X | dwillis@morganakins.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov