FILED

June 8, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 9:00 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| LARRY BUTLER, | ) | Docket No. 2016-07-0459 |
| Employee, | ) | |
| v. | ) | |
| AAA COOPER TRANSPORTATION, | ) | State File No. 43057-2016 |
| Employer, | ) | |
| And, | ) | |
| NORTH AMERICAN RISK SERVICES, | ) | Judge Allen Phillips |
| Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS AND DENYING TEMPORARY DISABILITY BENEFITS

---

This case came before the undersigned Workers' Compensation Judge on May 15, 2017, upon the Request for Expedited Hearing filed by Larry Butler. Mr. Butler requested medical and temporary disability benefits for an injury occurring on May 22, 2016. AAA contended he was not entitled to the requested benefits because the injury resulted either from an idiopathic condition or from a willful failure to perform a duty required by law. Accordingly, the central legal issues are whether Mr. Butler came forward with sufficient evidence that he would likely succeed at a full hearing on the merits regarding whether his injury arose out of his employment or whether AAA came forward with sufficient evidence to establish a likelihood of success on its defenses. Based upon the applicable standard, the Court holds Mr. Butler is entitled to medical benefits but no temporary disability benefits at this time.

### History of Claim

Mr. Butler worked for AAA as an over-the-road truck driver. On May 22, 2016, he was driving on an interstate in Alabama. At approximately 1:20 a.m., his truck veered to the left, crossed the median and the oncoming lanes, and crashed into a wooded area on the opposite side of the roadway.

1

When explaining the accident, Mr. Butler recalled nothing unusual about the drive and stated that he felt "normal." He was not tired, ill, or distracted. His last thoughts before the accident were of his upcoming birthday. Suddenly, for unknown reasons, the truck "pulled" to the left. He tried but failed to bring it under control. After the crash, Mr. Butler freed himself from the truck and climbed from the wooded area to the roadway. He flagged down a passing motorist, who called for help.

The Alabama Highway Patrol and an ambulance arrived at the scene. The highway patrol officer completed a report that diagrammed the truck's trajectory and recorded Mr. Butler's explanation that, "the truck just went to the left and he had no control." The officer marked the "Primary Contributing Circumstance" as "Fatigued/asleep." Under "Driver Condition," the officer noted, "Asleep, fainted, fatigued, etc." There is no mention of a citation, and Mr. Butler testified that he did not receive one.

The ambulance transported Mr. Butler to a hospital. There, a provider noted Mr. Butler was the driver of "an 18 wheeler that had a tire blow out causing him to go down an embankment." Mr. Butler complained of lower back and right shoulder pain. The provider diagnosed a T12 compression fracture of the thoracic spine.

After returning home, Mr. Butler saw his primary physician, Dr. David Guthrie. According to the treatment notes, Mr. Butler told Dr. Guthrie that he "flipped his 18 wheeler and does not recall what happened or how it happened. [Mr. Butler] state[d] he has had some dizziness prior to [the] accident." Dr. Guthrie recommended Mr. Butler see an orthopedic surgeon after MRIs of the back and shoulder confirmed the T12 compression fracture and a torn right rotator cuff. Dr. Guthrie stated both injuries were more than fifty percent related to the accident.

Mr. Butler testified that AAA called him approximately one week after the accident and asked him, "Do you think you blacked out?" Mr. Butler did not believe that he did, but he had no explanation for the accident other than that the truck suddenly pulled to the left. He explained at the hearing that, on the night of the accident, he had left his home in Dyersburg, Tennessee, just as he usually did, drove to Memphis to AAA's terminal and began his trip. He did nothing out of the ordinary, rested over the previous day as always, and was not using or under the influence of drugs or alcohol.

Mr. Butler introduced a copy of a provision in the Federal Department of Transportation (DOT) regulations stating a driver must not have an "established medical history or clinical diagnosis of epilepsy or any other condition which is likely to cause loss of consciousness or any loss of ability to control a commercial motor vehicle." Mr. Butler denied any of these problems and noted he had passed his DOT physical.

2

Conversely, since the accident Mr. Butler failed a DOT physical due to his injuries, which prevented him from working since the accident. He stated AAA terminated him in December 2016 because of his inability to drive. He requested a panel of physicians to evaluate his shoulder, payment of his outstanding medical bills, and payment of temporary disability benefits from the date of injury forward.

For its part, AAA introduced video footage from cameras it programmed to record uncommon events in the truck. The video from a camera directed at the driver showed Mr. Butler completely slumped over in the driver's seat moments before the crash. A camera aimed toward the front of the vehicle revealed nothing out of the ordinary. Based upon this video evidence, AAA contended Mr. Butler was either asleep or unconscious immediately before the accident. Accordingly, it denied his claim on grounds it was caused by an idiopathic condition and/or because Mr. Butler "willfully failed to perform a duty required by law" as set forth in Tennessee Code Annotated section 50-6-110(a)(5) (2016); namely, he failed to safely operate the truck because of "fatigue, illness, or any other cause." *See* 49 C.F.R. § 392.3 (1995).

## Findings of Fact and Conclusions of Law

### *Standard applied*

Mr. Butler bears the burden of establishing his injury or need for medical treatment arose primarily out of his employment with AAA. This means the employment must have contributed more than fifty percent to his injury or need for treatment, when considering all causes. Tenn. Code Ann. § 50-6-102(14) (2016). However, because this case is in a posture of an Expedited Hearing, Mr. Butler need not prove every element of his claim by a preponderance of the evidence. Instead, he must come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2016).

### *Analysis*

### *Idiopathic injury*

First, the Court looks to the idiopathic defense. If AAA establishes this defense is applicable, it negates an essential element of Mr. Butler's claim, specifically, that the employment contributed fifty percent or more to his injury. By definition, an idiopathic injury does not arise out of the employment but instead is one of unknown cause or origin. *Osborne v. Beacon Transp., LLC*, 2016 TN Wrk. Comp. App. Bd. LEXIS 49, at *6 (Sept. 27, 2016). However, an injury that occurs due to an idiopathic condition "*is compensable* if an employment hazard causes or exacerbates the injury." *Id., citing Phillips v. A & H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004) (Emphasis added). For

3

example, and as applicable here, "[i]f driving a vehicle is part of an employee's job, then [the vehicle] is certainly a hazard incident to employment." *Id.*

Here, Mr. Butler offered no reason why his truck crashed. He argued he either blacked out or the truck suddenly pulled to the left for no reason. Under either scenario, Mr. Butler argued that the truck itself provided the causal connection to his employment. Conversely, AAA argued the video establishes Mr. Butler was slumped in his seat for no apparent reason except that he was "either asleep or unconscious just prior to the accident, which is what caused [it]."

When considering all of the evidence, the Court finds it fits squarely within the facts of *Osborne*. There, the employee suffered injuries when his truck crashed after he "blacked out." *Id.* at *4. That employee recalled what he called elevated blood pressure after an angry mobile phone conversation but had "no recollection of the subsequent accident, [even though he] vehemently denied falling asleep." *Id.* at *3. Based upon those facts, the employer argued there was no work relation because the employee provided no "medical rationale" for his blacking out and, accordingly, nothing "work related made his alleged injuries compensable." The Appeals Board found the employer's argument "unpersuasive given [the] Employee's unrefuted testimony that a particular hazard of employment, driving his employer's truck, caused or exacerbated his alleged injuries." *Id.* at *8.

This Court finds the same regarding Mr. Butler's injuries; namely, even though what caused him to "slump over" is unknown, the Court finds the cause of his injury arose primarily from a hazard incident to employment, namely the operation of AAA's truck within the course and scope of his employment. *See McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *15 (Dec. 10, 2015). Thus, the Court rejects AAA's idiopathic injury defense.

*Failure to perform a duty required by law*

In addition to its idiopathic defense, AAA argued that Mr. Butler violated Tennessee Code Annotated section 50-6-110(a)(5) (2016) because he failed to perform a duty required by law. Thus, even if the idiopathic defense does not apply, AAA argued Mr. Butler cannot prevail because his actions immediately before the accident fit within the statutory defense. Again, the Court respectfully disagrees.

In support of its argument, AAA first cited federal authority, namely 49 CFR 392.3 (1995), which states:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle,

4

*while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle.*

(Emphasis added by AAA). AAA then turned to the jurisdiction where the incident occurred and cited Alabama law defining reckless driving and governing the safe changing of lanes. *See* Ala. Code § 32-5A-190(a) (2016) and Ala. Code § 32-5A-88(1) and (2) (2016). Based upon this authority, AAA argued Mr. Butler "should not have operated the truck if he could not do so safely" because due to his "fatigue, illness, or any other cause." It further asserted that he violated the Alabama statutes, which were designed to protect the safety of all motorists. Relying upon *Gonzales v. ABC Prof. Tree Servs.*, 2014 TN Wrk. Comp. App. Bd. LEXIS 2 (Nov. 10, 2014), AAA argued that Mr. Butler's violation of these laws was willful.

In *Gonzales*, the Appeals Board stated that an "[e]mployee's lack of a valid excuse for [not following a rule], when the first three elements of [the safety rule violation] defense have been satisfied, amounts to willfulness." *Id.* at *29, *citing Mitchell v. Fayetteville Pub. Utils.*, 368 S.W.3d 442, 455 (Tenn. 2012). However, this statement was made in the context of the facts of that case; namely, that employee had violated three of four elements of the *willful misconduct defense* and his failure to offer a valid excuse was then deemed "willful" as well. The Court finds the facts of this case readily distinguishable because AAA did not argue that Mr. Butler violated a safety rule; it argued Mr. Butler "willfully" failed to perform a duty required by law.

But, in looking to another case involving the safety-rule defense, the Court finds an instructive analysis. Instead of *Gonzales*, the Court looks to *Roper v. Allegis Grp.*, 2017 Wrk. Comp. App. Bd. LEXIS 14 (Feb. 10, 2017). There, the Appeals Board rejected the employer's argument that an employee lacking a valid excuse for not following a safety rule acts willfully. The Board stated this argument was "an overbroad interpretation of *Mitchell* that, if accepted, would allow employers to deny benefits to employees whose merely negligent or reckless actions resulted in a violation of a known safety rule." *Id.* at *11. Instead, the Board noted it is a conscious action of an employee to violate a rule that constitutes "willfulness," as opposed to an employee's negligence or recklessness. The Board noted it is "longstanding precedent" in Tennessee that "an employee's negligent or reckless actions generally are not enough to defeat a claim for workers' compensation benefits." *Id., citing Mitchell* at 455.

When applying these concepts to Mr. Butler's case, the Court finds he did not "willfully" violate any duty required of him by law. This is not to say that the federal regulations and Alabama state law cited by AAA did not apply to Mr. Butler but rather is a finding that he did not act in such a way as to consciously violate those rules and statutes. There is no evidence Mr. Butler willfully drove the truck on the day of the

5

accident knowing he was too fatigued or impaired to safely operate the truck. Likewise, there is no evidence he willfully drove the truck recklessly or in defiance of Alabama law governing operation of a vehicle. For purposes of determining if the willful violation of a duty required by law defense is applicable, the Court need go no further. It need not address the proximate cause of the accident as used in the law of negligence or decide if Mr. Butler were reckless. Instead, the Court must only determine if he acted willfully, and it holds he did not. Accordingly, the Court rejects AAA's defense of a willful failure to perform a duty required by law.

Given the findings regarding the asserted defenses, the Court holds Mr. Butler has shown he is likely to prevail at a hearing on the merits regarding his claim for benefits.

*Medical Benefits*

Having found Mr. Butler is likely to prevail at a hearing on the merits, the Court holds he is entitled to the requested medical benefits. Accordingly, AAA "shall furnish [Mr. Butler] . . . such medical and surgical treatment . . . made reasonably necessary by [his] accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A) (2016). In this case, AAA shall furnish a panel of physicians competent to treat Mr. Butler's shoulder injury. Further, AAA shall pay Mr. Butler's outstanding medical bills.

*Temporary Disability Benefits*

To establish entitlement to TTD, Mr. Butler must show he (1) became disabled from working due to a compensable injury; (2) a causal connection between the injury and his inability to work; and (3) the duration of his period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). There is no medical opinion that Mr. Butler is totally disabled from working, and the Court denies his request for temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. AAA shall provide Mr. Butler with a panel of physicians competent to treat his shoulder injury from which he might choose a treating physician. Mr. Butler, or the providers, shall provide their billing to AAA.

2. AAA shall pay Mr. Butler's bills for medical treatment in the following amounts:
   - Emergency Physician Billing-$880.00
   - Birmingham Radiological Group-$743.00
   - Center for Adult Healthcare-$376.49
   - Walker Baptist Medical Center-$7,564.50
   - Tennova Healthcare-$484.94

6

- West Tennessee Pain Specialists-$21.08

3. Mr. Butler's request for temporary total disability benefits is denied at this time.

4. This matter is set for a Scheduling (Status) Hearing on **Thursday, September 21, 2017, at 10:00 a.m. Central time. You must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 8th day of June, 2017.**

_____
**Allen Phillips, Judge
Court of Workers' Compensation Claims**

### APPENDIX

Exhibits:

1. Alabama Uniform Traffic Crash Report
2. Alabama Employer's First Report of Injury
3. Medical Records of Walker Baptist Medical Center
4. Medical Records of Center for Adult Health Care
5. Correspondence to Dr. Guthrie regarding his causation opinion with response
6. Medical Records of New Life Medical Group
7. Collective Medical Bills
8. Medical Bills of Walker Baptist Medical Center
9. Medical Bills of Tennova Healthcare
10. Medical Bills of New Life Medical Group
11. Medical Bills of Center for Adult Health Care

12. Wage Statement
13. Code of Federal Regulations regarding physical qualifications for truck drivers
14. Employee's Answers to Employer's First Set of Interrogatories and Requests for Production of Documents
15. Notice of Denial of Claim for Compensation

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Request For Expedited Hearing
5. Order Denying File Review Expedited Hearing
6. Pre-Hearing Statement For Employee
7. Pre-Hearing Statement For Employer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 8th day of June, 2017.

| Name | Via Email | Service Sent To: |
| --- | --- | --- |
| Emily A. Bragg, Esq., Attorney for Employee | X | ebragg@forthepeople.com tschumpert@forthepeople.com |
| Chris Myatt, Esq., Attorney for Employer | X | cmyatt@spicerfirm.com tlamer@spicerfirm.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8