

## COURT OF WORKERS' COMPENSATION CLAIMS
### DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: JOYCE WHALEY**

**EMPLOYER: FIRST TENNESSEE BANK NATIONAL**

**DOCKET #: 2014-03-0001**
**STATE FILE #: 54798-2014**
**DATE OF INJURY: July 18, 2014**

**INSURANCE CARRIER: TRUMBULL INSURANCE COMPANY**

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Joyce Whaley (Employee). Considering the positions of the parties, the applicable law, and all of the evidence submitted the Court hereby finds as follows:

On August 28, 2014, a Request for Expedited Hearing was filed with the Tennessee Court of Workers' Compensation Claims, Division of Workers' Compensation, by Employee pursuant to Tennessee Code Annotated section 50-6-239 to determine whether Employee is entitled to medical and temporary disability benefits.

### ANALYSIS

#### Issue

Whether Employee's injury arose out of her employment or was idiopathic in nature.

#### Evidence Submitted

Employee has filed an affidavit and other evidence in support of the Request for Expedited Hearing. Specifically, the Court received and considered the following evidence that was submitted by Employee and marked as Exhibits:

- Exhibit 1: Dispute Certification Notice (DCN)
- Exhibit 2: Petition for Benefit Determination (PBD)
- Exhibit 3: Stipulation
- Exhibit 4: First Report of Work Injury
- Exhibit 5: Notice of Denial of Claim for Compensation
- Exhibit 6: Written Statement of Ruth Fostmeier

- Exhibit 7: Medical Records of Dr. Alan Whiton

Employer has filed a response to the Request for Expedited Hearing. The Court has received and considered the following evidenced that was submitted by Employer and marked as Exhibits:

- Exhibit 8: Wage Statement
- Exhibit 9: Panel of Physicians
- Exhibit 10: Case law references

## History of Claim

On July 18, 2014, Employee was working as a drive-through teller at Employer's bank. A customer called her name and as she turned to face the teller line, she tripped over her feet and fell injuring her right ankle and foot.    She was transported to University of Tennessee Medical Center via ambulance where she was treated in the emergency room and diagnosed with fractures. Employee followed up with orthopedic Dr. Alan Whiton. Dr. Whiton diagnosed her with a closed fracture of her ankle and closed fracture of her metatarsal bone. Dr. Whiton opined that the fractures were stable and Employee "can weight bear as tolerated" and her "off work time will depend upon [her] level of pain."

On July 22, 2014, Employer/Carrier issued a Notice of Denial of Claim for Compensation stating that "Employee had [an] idiopathic injury. The Carrier reserves the right to add defenses." On August 1, 2014, Employee filed a PBD seeking medical and temporary disability benefits and she filed a Motion for Expedited Hearing on August 28, 2014. The matter was heard on September 9, 2014, with Employee, Employer Representative Debbie Mannon, and Employer/Carrier's attorney Blair Cannon participating.

## Employee's Contentions

Employee stated that Employer opened at 7:15 a.m. on July 18, 2014. She was working on the drive through line which is off to the side from the teller line. If the person on the teller line is not helping a customer, it is their job to come help at the drive through line and vice versa. The goal is to greet and be friendly to the customers and assist them in an efficient manner. She testified that a commercial customer was at the teller line and called out her name. She had just finished up with a customer on the drive through line, and pursuant to her job duties, she turned to greet the customer. She testified that as she was turning, she "tripped on her feet and fell." Employee testified that she has made that turn "a million times before and never had a problem." She further testified that she "did not trip on a chair or rug."    Employee averred that at the time she fell, she was working and performing her regular job duties and that is why she thinks it should be covered under workers' compensation.

## Employer's Contentions

Employer/Carrier's attorney stated that to have a compensable, work-related injury in Tennessee, the injury must occur in the course of and arise out of the employment. In this case, there

is no question that the injury occurred "in the course of employment" because Employee was on Employer's premises performing her regular job duties at the time of injury. However, Employee's injury did not "arise out of her employment." Case law in Tennessee holds that the "mere presence at work at the time of injury will not be enough" and idiopathic injuries do not arise out of the employment unless "some condition of the employment presents a peculiar or additional hazard." *Shearon v. Seaman*, 198 S.W.3d 209, 214 (Tenn. Ct. App. 2006). *See also, Sudduth v. Williams*, 517 S.W. 2d 520 (Tenn. 1974). In addition, the Tennessee Supreme Court has further observed that "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injury employee's ambulation." *Wilhelm v. Krogers*, 235 S.W. 3d 122, 128-129 (Tenn. 2007). Employer/Carrier's attorney stated that Employee has not alleged any hazards incident to her employment that caused her fall. By Employee's own testimony, she tripped over her feet. Therefore, Employee's injury is idiopathic and not covered under workers' compensation.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003) and Tenn. Code Ann. § 50-6-238 (2012). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13).

### *Factual Findings*

The parties stipulated and agreed to all of the facts in this case. The only issue in dispute is the legal issue of whether Employee's fall and injury arose out of her employment or were idiopathic.

### *Application of Law to Facts*

### *Arising Out of and in the Course of Employment*

In *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935 (Tenn. 1987), the Tennessee Supreme Court defined the causal connection required before an injury will be held compensable in workers' compensation. The court opined that causal connection does not mean proximate cause as used in the law of negligence, but cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work. *Id.* The mere presence at the place of injury because of employment will not result in the injury being considered as arising out of the employment. *Id.* The injury must result from a danger or hazard peculiar to the work or be caused by a risk inherent in the nature of the work. *Thornton v. RCA Serv. Co.*, 221 S.W.2d 954, 955 (Tenn. 1949).

*Idiopathic Injuries*

In *Wilhelm v. Krogers, supra*, the court reiterated that workers' compensation benefits are usually not awarded when the employee's injury is due to an idiopathic condition and not a "special hazard" of the employment. An idiopathic injury will be compensable, however, "if an employment hazard causes or exacerbates the injury. *Id.* (quoting *Phillips v. A & H Constr. Co.*, 134 S.W.3d 145, 148 (Tenn. 2004)). A causal link must exist between the employment and the injury for the incident to be considered as arising out of employment. *Id.* at 128. Tennessee courts have repeatedly held that an injury that occurs while walking is not compensable unless an employment hazard such as a puddle of water exists and causes the injury. *Id.* at 129 (citing *Williams v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2002-03038-WC-R3-CV, 2004 Tenn. LEXIS 148, 2004 WL 370296, at *4 (Tenn. Workers' Comp. Panel March 1, 2004)).

In this case, there is no dispute that Employee's injury occurred in the course of her employment since she was at work performing her regular duties at the time of injury. The issue is whether Employee's injury arose out of her employment or was idiopathic in nature. Employee testified that she did not trip on her chair or the rug. She did not identify any hazard specific to her employment that caused her to fall. In fact, she testified that she "tripped over her feet" and made that same turn "a million times before and never had a problem." Therefore, Employee has failed to meet her burden of establishing that her injury arose out of her employment. The Court finds Employee's injury was idiopathic in nature and, as such, she is not entitled to workers' compensation benefits.

**IT IS, THEREFORE, ORDERED** as follows:

The claim of Employee against Employer or its workers' compensation carrier for the requested medical and temporary disability benefits is denied on the grounds of compensability.

**ENTERED this the 16th day of September 2014.**

Lisa A. Knott

**LISA A. KNOTT**
**Workers' Compensation Judge**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Request for Appeal, you must:

1. Complete the enclosed form entitled: "Request for Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of September, 2014.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Joyce E. Whaley | | X | | | | |
| Debbie Mannon | | | | | X | dcmannon@firsthorizon.com |
| Blair Cannon | | | | | X | l.blair.cannon@thehartford.com |
| | | | | | | |

LISA A. KNOTT
**Workers' Compensation Judge**



**Received Date Stamp Here**

## REQUEST FOR APPEAL
Tennessee Division of Workers' Compensation
www.state.tn.us/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

StateFile #/YR:_____/_____

RFA #: _____

Date of Injury: _____

SSN: _____

**Style**

_____

**v.**

_____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the **Court of Workers' Compensation Claims** at _Select Office Location_
_____

_____ to the **Workers' Compensation Appeals Board.**

[List the date(s) the order(s) was filed in the court clerk's office]

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court
☐ Permanent Disability Benefits (Employee is at maximum medical Improvement)

**Compensation Judge** Select Here _____

### List of Parties

**Appellant (Requesting Party):**_____At Compensation Hearing: ☐Plaintiff ☐Defendant

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's Address:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Compensation Hearing: ☐Plaintiff ☐Defendant

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's Address: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Request for Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the____day of_____, 20____.

[Signature of appellant or attorney for appellant]  _____